FRED M. FELLER, ESQ. (#68167)
BURESH, KAPLAN, FELLER & CHANG
2298 Durant Avenue
Berkeley, California 94704
Telephone: (510) 548-7474
Facsimile: (510) 548-7488

Attorneys for Defendant
VI PA, INC., dba BACCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual,

Plaintiff,

v.

BACCO; VI PA, INC., a California Corporation; ANTONE METAXAS and HIDEKO METAXAS, TRUSTEES OF THE 2006 METAXAS FAMILY TRUST UNDER DECLARATION OF TRUST DATED MARCH 15, 2006

Defendants.
____________________________________/

Case No. 4:11-CV-01573-DMR

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMPLAINT FILED: 3/31/11
TRIAL DATE: Not Set

Defendant, VI PA, INC., dba BACCO (hereinafter "Defendant"), hereby answers the Complaint of Plaintiff, Craig Yates, as follows:

1. Paragraph 1 is entitled "Introduction." It appears to give a general overview of the charging allegations. To the extent there are discernible allegations, Defendant states as follows: Defendant is without sufficient information to admit or deny any facts about the Plaintiff or the Plaintiff's alleged abilities and injuries and, on that basis, denies all such allegations. Defendant further denies that it violated any laws that pertained to Plaintiff.

/ / /

2. Paragraph 2 is entitled "Introduction." It appears to give a general overview of the charging allegations. To the extent there are discernible allegations, Defendant states as follows: Defendant is without sufficient information to admit or deny any facts about the Plaintiff or the Plaintiff's alleged abilities and injuries and, on that basis, denies all such allegations. Defendant further denies that it violated any laws that pertained to Plaintiff.

3. Defendant does not dispute jurisdiction of this Court as alleged in paragraph 3.

4. Defendant does not dispute venue in this Court as alleged in paragraph 4.

5. Defendant is without sufficient information to admit or deny allegations about Plaintiff's physical abilities, and on that basis denies each allegation in paragraph 5 about those subjects. Defendant denies each and every other allegation in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Defendant neither admits nor denies the recitation and interpretation of law in paragraph 8. Defendant denies the allegations in paragraph 8 and denies violating any legal obligations as alleged in paragraph 8.

9. Defendant admits that the subject premises are a "public accommodation" under pertinent law. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 9, and on that basis, denies the remaining allegations of paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies each allegation of paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12, and on that basis, denies the allegations contained therein.

13. Defendant is without sufficient information to admit or deny the allegations in paragraph 13, and on that basis, denies the allegations contained therein.

14. Defendant is without sufficient information to admit or deny the allegations in paragraph 14, and on that basis, denies the allegations contained therein.

15. Defendant is without sufficient information to admit or deny the allegations in paragraph 15, and on that basis, denies the allegations contained therein.

Buresh, Kaplan, Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

16. Defendant is without sufficient information to admit or deny the allegations in paragraph 16, and on that basis, denies the allegations contained therein.

17. Defendant is without sufficient information to admit or deny the allegations in paragraph 17, and on that basis, denies the allegations contained therein.

18. Defendant is without sufficient information to admit or deny the allegations in paragraph 18, and on that basis, denies the allegations contained therein.

19. Defendant is without sufficient information to admit or deny the allegations in paragraph 19, and on that basis, denies the allegations contained therein.

20. Defendant is without sufficient information to admit or deny the allegations in paragraph 20, and on that basis, denies the allegations contained therein.

21. Defendant denies each allegation in paragraph 21.

22. Defendant denies each allegation in paragraph 22.

23. Defendant denies each allegation in paragraph 23.

24. Defendant denies each allegation in paragraph 24.

25. Defendant denies each allegation in paragraph 25.

26. Defendant denies each allegation in paragraph 26.

27. Defendant denies each allegation in paragraph 27.

28. Defendant denies each allegation in paragraph 28.

29. Paragraph 29 appears to be a prayer for relief combined with an interpretation of law, all of which Defendant neither admits nor denies.

30. Paragraph 30 appears to be a prayer for relief combined with an interpretation of law, all of which Defendant neither admits nor denies.

31. Defendant denies each allegation in paragraph 31.

32. Defendant denies each allegation of paragraph 32.

33. Defendant denies each allegation in paragraph 33.

34. Defendant denies each allegation in paragraph 34.

35. Defendant denies each allegation in paragraph 35.

36. Defendant denies each allegation in paragraph 36.

Buresh, Kaplan, Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

37. In Answer to paragraph 37, Defendant incorporates its responses to paragraphs 1-36.

38. Paragraph 38 is a recitation and interpretation of law, which Defendant neither admits nor denies.

39. Paragraph 39 is a recitation and interpretation of law, which Defendant neither admits nor denies.

40. Paragraph 40 is a recitation and interpretation of law, which Defendant neither admits nor denies.

41. Paragraph 41 is a recitation and interpretation of law, which Defendant neither admits nor denies.

42. Paragraph 42 is a recitation and interpretation of law, which Defendant neither admits nor denies. Defendant denies the remaining allegations of paragraph 43.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Paragraph 46 is a recitation and interpretation of law, which Defendant neither admits nor denies. Defendant denies the remaining allegations in paragraph 46.

47. Paragraph 47 is a recitation and interpretation of law, which Defendant neither admits nor denies. Defendant denies the remaining allegations in paragraph 47.

48. Paragraph 48 appears to be a prayer for relief combined with an interpretation of law, all of which Defendant neither admits nor denies.

49. In Answer to paragraph 49, Defendant incorporates its responses contained in paragraphs 1-48.

50. Paragraph 50 is a recitation and interpretation of law which Defendant neither admits nor denies.

51. Paragraph 51 is a recitation and interpretation of law which Defendant neither admits nor denies.

///

Buresh, Kaplan, Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

52. Paragraph 52 is a recitation and interpretation of law which Defendant neither admits nor denies.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. In Answer to paragraph 59, Defendant incorporates its responses to paragraphs 1-58.

60. Paragraph 60 is a recitation and interpretation of law which Defendant neither admits nor denies.

61. Paragraph 61 is a recitation and interpretation of law which Defendant neither admits nor denies. Defendant denies the remaining allegations.

62. Paragraph 62 is a recitation and interpretation of law which Defendant neither admits nor denies. Defendant denies the remaining allegations.

63. Defendant admits that BACCO is a public accommodation or facility.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Paragraph 66 appears to be a prayer for relief combined with an interpretation of law, all of which Defendant neither admits nor denies.

67. In Answer to paragraph 68, Defendant incorporates its responses to paragraphs 1-66.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

///

Buresh, Kaplan, Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

**AFFIRMATIVE DEFENSES**

FIRST SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Neither the complaint nor any claim therein states facts sufficient to constitute a claim for relief against this answering Defendant.

SECOND SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff failed to take reasonable steps to mitigate his injuries and damages. Any recovery by Plaintiff should be reduced by those damages Plaintiff failed to adequately mitigate.

THIRD SEPARATE AND AFFIRMATIVE DEFENSE

(Lack of Causation)

Damages, if any, sustained by Plaintiff as a result of the events alleged in the complaint are the legal responsibility of persons and entities, including Plaintiff, other than this answering Defendant.

FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

(Necessity)

To the extent Plaintiff alleges that Defendant's acts and omissions give rise to liability of any kind on the part of Defendant, such acts and omissions are necessary to Defendant's provision of goods, services and facilities offered by Defendant.

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

(Undue Burden)

Any further action by Defendant to ensure that no individual with a disability is excluded, denied services, or otherwise treated differently would result in an undue burden on Defendant.

///

///

///

Buresh, Kaplan,
Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

(Fundamental Alteration)

Any further action by Defendant to ensure that no individual with a disability is excluded, denied services, or otherwise treated differently would result in a fundamental alteration of Defendant's operations.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Not Readily Achievable)

Any further action by Defendant to ensure that no individual with any disability is ever excluded, denied services, or otherwise treated differently is not readily achievable.

EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

(Contributory Negligence)

Damages, if any, sustained by Plaintiff as a result of the events alleged in the complaint are the legal responsibility of Plaintiff by virtue of his contributory negligence and comparative fault.

NINTH SEPARATE AND AFFIRMATIVE DEFENSE

(Reliance/Substantial Compliance)

Defendant obtained all applicable permits from applicable governmental agencies and believed that it was in compliance with all laws. Defendant relied on an architect and contractor to ensure compliance with state and federal accessibility laws. If Defendant is found to be in non-compliance, Defendant's non-compliance is not substantial and was not intentional.

TENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Standing)

Plaintiff lacks standing, thereby depriving the court of jurisdiction.

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Good Faith)

Defendant acted in good faith in performing any act and in conducting his business.

///

///

Buresh, Kaplan,
Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

(Further Affirmative Defenses)

Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in the complaint. Accordingly, Defendant expressly reserves the right to assert further defenses if, and to the extent that such affirmative defenses become applicable.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to Comply with Civil Code § 51)

As to the first and second causes of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff failed to state a cause of action for violation of the Unruh Civil Rights Act because Plaintiff has failed to comply with Civil Code section 51.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(No Private Right of Action)

As to the first and second causes of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff lacks standing to assert a claim for denial of accessible facilities in violation of California Health & Safety Code §§ 19955, et seq., because there is no private right of action thereunder. California Health & Safety Code §§19958.5.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Premises Constructed Prior to Effective Date of Title III of ADA)

As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that the premises owned and leased by the Defendant was designed and constructed for first occupancy prior to January 26, 1992. 34 Code Fed. Regs. §§ 36.401(a)(2) and 36.152.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that the Complaint fails to state facts sufficient to recover punitive damages.

///

///

Buresh, Kaplan, Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

(Compliance with the ADA)

As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Defendant has had in place at all times a plan for compliance with the Americans With Disabilities Act of 1990 ("ADA"); that its plan in being continuously implemented; that continual progress towards full compliance with the ADA is being made under Defendant's plan; and that Defendant is in substantial compliance with the ADA.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. Plaintiff takes nothing by way of this action;
2. The Complaint and action be dismissed with prejudice;
3. Defendant have judgment against Plaintiff;
4. Defendant recovers its attorneys' fees and costs of suit herein; and,
5. For such other relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

Dated: May 27, 2011

BURESH, KAPLAN, FELLER & CHANG

By: ____________________
FRED M. FELLER
Attorneys for Defendant
VI PA, INC., dba BACCO

Buresh, Kaplan,
Feller & Chang
2298 Durant Avenue
Berkeley, CA 94704
Phone (510) 548-7474
Fax (510) 548-7488

CERTIFICATE OF SERVICE

I am employed in Alameda County, California. I am over eighteen (18) years of age and not a party to this action or proceeding; my business address is 2298 Durant Avenue, Berkeley, California 94704.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 27, 2011, I served a true copy of the following document:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Thomas E. Frankovich, Esq.
Thomas E. Frankovich, ALPC
4328 Redwood Highway, Suite 300
San Rafael, CA 94903
Ph: (415) 674-8600
Fax: (415) 674-9900
**(Attorneys for Plaintiff,**
**Craig Yates, an individual)**

**X** **(BY MAIL):** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in accordance with the above business practice, as addressed above.

**(BY FACSIMILE):** By transmitting a facsimile copy of the same, to the number listed above.

**(BY OVERNIGHT MAIL/EXPRESS DELIVERY):** By placing a true copy thereof enclosed in a sealed envelope, in accordance with the above business practice, and arranging for overnight delivery of said envelope to the person(s) as addressed above.

**(FEDERAL):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 27, 2011, at Berkeley, California.

Shelley Brown