THOMAS E. FRANKOVICH (State Bar No. 074414)
GEORGE S. KHOURY (State Bar No. 269738)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy, Suite 300
San Rafael, CA 94109
Telephone:    415/444-5800
Facsimile:     415/444-5805

Attorneys for Plaintiff
CRAIG YATES, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BACCO; VI PA, INC., a California Corporation; ANTONE METAXAS and HIDEKO METAXAS, TRUSTEES OF THE 2006 METAXAS FAMILY TRUST UNDER DECLARATION OF TRUST DATED MARCH 15, 2006,<br><br>Defendants. | **CASE NO. CV- 11-1573-DMR**<br><br>**MOTIONS IN LIMINE TO EXCLUDE ANY EVIDENCE, OR MENTION OF, OR TESTIMONY BY:**<br>1) **NUMBER OF ADA CLAIMS MADE BY PLAINTIFF**<br>2) **NUMBER OF ADA LAWSUITS FILED BY PLAINTIFF**<br>3) **CASE NAMES, CASE NUMBERS, AND CIVL LITIGATION INDEXES OF PLAINTIFF**<br>4) **PLAILNTIFF'S FINANCIAL STATUS**<br>5) **NUMBER OF SETTLEMENTS**<br>6) **AMOUNT OF SETTLMENT MONEY RECEIVED FOR ANY AND ALL CASES**<br>7.) **DEFENDANTS' EXPERT WITNESS** |

Plaintiff CRAIG YATES respectfully moves the Court for orders in limine to exclude at trial any evidence, or mention of, or testimony by:

  1.) the number of ADA claims made by plaintiff;

  2.) the number of ADA lawsuits filed by plaintiff;

  3.) Case names, case numbers and civil litigation indexes of plaintiff;

  4.) Plaintiff's financial status, receipt of social security and/or disability benefits;

  5.) Number of settlements by plaintiff;

  6.) Amount of settlement money received for any and all cases;

7.) Defendants' Expert Witness Kim Blackseth.

The motions are based on the grounds as set forth below, the attached Memorandum of Points and Authorities and such other evidence as may be introduced at the time of the hearing.

## MOTIONS IN LIMINE

**1. NUMBER OF ADA CLAIMS MADE BY PLAINTIFF**
Motion in limine to exclude any mention of, or attempt to introduce into evidence, the number of ADA claims made by plaintiff.

**AUTHORITY:** FRE sec. 401, 402 & 403.

**ARGUMENT:**

Defendants may mention or seek to introduce evidence of the number of ADA claims made by plaintiff for the purpose of inflaming the biases of the jury. Any mention of, or evidence of, the number of ADA claims made by plaintiff is: 1.) Prejudicial; and 2.) Not relevant.

This type of information tends to inflame the biases of a jury, which ultimately prejudices the plaintiff. The danger of unfairly prejudicing the plaintiff by even mentioning the number of ADA claims made by plaintiff outweighs any benefit that could be derived from mentioning, or admitting evidence, of the number of ADA claims made by plaintiff.

Defendants mention of, or attempt to introduce evidence of, the number of ADA claims made by plaintiff's is not relevant to any fact of consequence in determining the action, nor does it have any tendency to make a fact more or less probable. Other claims bear no relevance to the claims made in this matter presently before the Court.

**2. THE NUMBER OF ADA LAWSUITS FILED BY PLAINTIFF**
Motion in limine to exclude any mention of, or attempt to introduce into evidence, the number of ADA lawsuits filed by plaintiff.

**AUTHORITY:** FRE sec. 401, 402, & 403

**ARGUMENT:**

Defendants may mention or seek to introduce evidence of the number of ADA lawsuits filed by plaintiff CRAIG YATES for the purpose of inflaming the biases of the jury. Any mention of, or evidence of, the number ADA lawsuits filed by plaintiff is: 1.) Prejudicial; and 2.) Not relevant.

This type of information tends to inflame the biases of a jury, which ultimately prejudices the plaintiff. The danger of unfairly prejudicing the plaintiff by even mentioning the number of lawsuits filed by plaintiff outweighs any benefit that could be derived from mentioning, or admitting evidence, of the number of lawsuits filed by plaintiff.

Defendants mention of, or introduction of evidence of, the number of ADA lawsuits filed by plaintiffs is not relevant to any fact of consequence in determining the action, nor does it have any tendency to make a fact more or less probable.

### 3. CASE NAMES, CASE NUMBERS, AND CIVL LITIGATION INDEXES

Motion in limine to exclude any mention of, or attempt to introduce into evidence of, the case names, case numbers and civil litigation indexes of plaintiff.

**AUTHORITY:**     FRE sec. 401, 402 & 403

**ARGUMENT:**

Defendants may mention or seek to introduce evidence of the case names, case numbers and civil litigation indexes of plaintiff CRAIG YATES for the purpose of inflaming the biases of the jury. Any mention of, or evidence of, the case names, case numbers and civil litigation indexes of plaintiff is: 1.) Prejudicial; and 2.) Not relevant.

This type of information tends to inflame the biases of a jury, which ultimately prejudices the plaintiff. The danger of unfairly prejudicing the plaintiff by even mentioning the case names, case numbers and civil litigation indexes of plaintiff outweighs any benefit that could be derived from mentioning, or admitting evidence, on this subject.

Defendants mention of, or introduction of evidence of, the case names, numbers and civil litigation indexes of plaintiff is not relevant to any fact of consequence in determining the action, nor does it have any tendency to make a fact more or less probable.

### 4. PLAINTIFF'S FINANCIAL STATUS

Motion in limine to exclude any mention of, or attempt to introduce into evidence of, plaintiff's financial status, receipt of social security and/or disability benefits.

**AUTHORITY:** FRE sec. 401, 402 & 403

**ARGUMENT:**

Defendants may mention or seek to introduce evidence plaintiff's financial status, receipt of social security and/or disability benefits for the purpose of inflaming the biases of the jury. Any mention of, or evidence of, plaintiff's financial status, receipt of social security and/or disability benefits is: 1.) Prejudicial; and 2.) Not relevant.

This type of information tends to inflame the biases of a jury, which ultimately prejudices the plaintiff. The danger of unfairly prejudicing the plaintiff by even mentioning plaintiff's financial status, receipt of social security and/or disability benefits outweighs any benefit that could be derived from mentioning, or admitting evidence, on this subject.

Defendants mention of, or introduction of evidence of plaintiff's financial status, receipt of social security and/or disability benefits is not relevant to any fact of consequence in determining the action, nor does it have any tendency to make a fact more or less probable.

### 5. NUMBER OF SETTLEMENTS ENTERED INTO BY PLAINTIFF

Motion in limine to exclude any mention of, or attempt to introduce into evidence of, the number of settlements entered into by plaintiff.

**AUTHORITY:** FRE sec. 401, 402, & 403

**ARGUMENT:**

Defendants may mention or seek to introduce evidence on the number of settlements entered into by plaintiff for the purpose of inflaming the biases of the jury. Any mention of, or evidence of, the number of settlements entered into by plaintiff is: 1.) Prejudicial; and 2.) Not relevant.

This type of information tends to inflame the biases of a jury, which ultimately prejudices the plaintiff. The danger of unfairly prejudicing the plaintiff by even mentioning the number of settlements entered into by plaintiff outweighs any benefit that could be derived from mentioning, or admitting evidence, on this subject.

Defendants mention of, or introduction of evidence of the number of settlements entered into by plaintiff is not relevant to any fact of consequence in determining the action, nor does it have any tendency to make a fact more or less probable.

### 6. AMOUNT OF SETTLEMENT MONEY RECEIVED BY PLAINTIFF

Motion in limine to exclude any mention of, or attempt to introduce into evidence of, the amount of settlement money received by plaintiff for any and all cases.

**AUTHORITY:**     FRE sec. 401, 402, & 403

**ARGUMENT:**

Defendants may mention or seek to introduce evidence on the amount of settlement money received by plaintiff for any and all cases for the purpose of inflaming the biases of the jury. Any mention of, or evidence of, the amount of settlement money received by plaintiff for any and all cases is: 1.) Prejudicial; and 2.) Not relevant.

This type of information tends to inflame the biases of a jury, which ultimately prejudices the plaintiff. The danger of unfairly prejudicing the plaintiff by even mentioning the amount of settlement money received by plaintiff for any and all cases outweighs any benefit that could be derived from mentioning, or admitting evidence, on this subject.

Defendants mention of, or introduction of evidence of the amount of settlement money received by plaintiff for any and all cases is not relevant to any fact of consequence in determining the action, nor does it have any tendency to make a fact more or less probable.

### 7. DEFENDANTS' EXPERT WITNESS

Motion in limine to exclude any mention of, or attempt to introduce into evidence, or testimony by Defendants' Expert Witness Kim Blackseth.

**AUTHORITY:** FRCP Rules 26 & 37

**ARGUMENT:**

Defendants may mention or seek to introduce evidence of, or testimony by defendants' expert witness Kim Blackseth. This should be excluded because: 1.) defendant failed to timely disclose their expert witness per this Court's Order of May 2, 2012 and Federal Rule of Civil Procedure Rule 26(a)(2)(D); and 2.) defendants' disclosure does not meet the requirements of FRCP Rule 26(a)(2)(B).

FRCP Rule 26(a)(2)(D) requires a party to disclose their expert witness "at the times and sequence that the Court orders." This Court's May 2, 2012 order required expert witnesses to be disclosed on December 18, 2012. Document #22, page 1, sec. (2)(b). Defendants did not disclose their expert witness until January 2, 2013. The date ordered by this Court to disclose rebuttal witnesses was January 2, 2013. Defendants' expert was not disclosed as a rebuttal expert. Defendants' failure to provide a timely disclosure of their expert prejudices the plaintiff.

Furthermore, defendants disclosure failed to meet the requirements under FRCP 26(a)(2)(B)(i)-(ii) that the expert report contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them;" and "(ii) the facts or data considered by the witness in forming them." Mr. Blackseth's report contains the opinion that several repairs required to come in to compliance are not "readily achievable." The basis of this opinion is not

provided, and no facts or data are provided that show what Mr. Blackseth considered in forming this opinion. The readily achievable standard requires a determination based upon what the owner and operator of a public accommodation can afford. There are no facts or data provided by Mr. Blackseth to support his opinion that the repairs he acknowledges are needed to come into compliance are not readily achievable.

FRCP Rule 37(c)(1) provides that a failure to disclose a witness pursuant to FRCP 26(a) is grounds for excluding the witness from trial.

## MEMORANDUM OF POINTS AND AUTHORITIES

FRE sec. 403, states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FRE sec. 401, states:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

FRE sec 402, states:

> Relevant evidence is admissible unless any of the following provides otherwise:
> - the United States Constitution;
> - a federal statute;
> - these rules; or
> - other rules prescribed by the Supreme Court.
> Irrelevant evidence is not admissible.

FRCP Rule 26(a)(2)(B) states in pertinent part:

> *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case

or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them.

FRCP Rule 26(a)(2)(D) states, in pertinent part:

>   *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders.

FRCP Rule 37(c)(1) states:

>   *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Respectfully submitted,

Dated: April 5, 2013

THOMAS E. FRANKOVICH
***A PROFESSIONAL LAW CORPORATION***

By: /s/George Khoury
Thomas E. Frankovich
George S. Khoury
Attorneys for Plaintiff CRAIG YATES