United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>        Plaintiff(s),<br><br>    v.<br><br>BACCO, et al.<br><br>        Defendant(s).<br>_____/ | No. C-11-01573 DMR<br><br>**FINAL PRETRIAL ORDER** |

    Following the Pretrial Conference held on July 17, 2013, and the further submissions of the parties, the court hereby ORDERS the following:

    **I. Trial Date:**  The court shall conduct a one-day bench trial on August 15, 2013 commencing at 11:00 a.m. in Courtroom 5 of the U.S. District Court, 1301 Clay Street, Oakland, California 94612.

    **II. Exhibits and Witnesses**

        **A. Plaintiff's Exhibits**

    Plaintiff submitted an exhibit list with 43 exhibits.  [Docket No. 56.]  Defendants did not object to any of the exhibits on this list.  Accordingly, all of Plaintiff's exhibits are admitted into evidence.

        **B. Defendants' Exhibits**

Defendants submitted an exhibit list with two exhibits. [Docket No. 58.] Plaintiff objected to both of them.

### i) Defendant's Exhibit A

With respect to Exhibit A, a July 21, 2011 expert report by Kim Blackseth, the court overrules Plaintiff's objection that it was not timely disclosed. Although Defendants did not file their formal expert disclosure until January 2, 2013, two weeks after the disclosure deadline, Defendants had provided Plaintiff with Mr. Blackseth's report more than one year prior to that deadline. Plaintiff cannot identify any prejudice caused by Defendants' late disclosure that they would be relying on Mr. Blackseth's July 21, 2011 report at trial. Plaintiff had ample opportunity to depose Mr. Blackseth before the January 15, 2013 expert discovery cut-off but chose not to do so.

Plaintiff also objects to the Blackseth report on the grounds that it fails to provide adequate basis for the opinion that the removal of certain architectural barriers is "not readily achievable" pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv). This objection goes to the weight of the evidence, not its admissibility. Plaintiff's objection is overruled, and Exhibit A is admitted into evidence.

However, as is discussed below with respect to Plaintiff's motion in limine no. 7, Mr. Blackseth's expert testimony will be limited to the opinions fairly encompassed in his report for which his report provides the facts or data considered by him in forming his opinions.

### ii) Defendant's Exhibit B

Defendants' Exhibit B is a November 9, 2012 "ADA compliance proposal" by John C. Farrow that purports to give a cost estimate for specified work on the "existing men's room" on Defendant Bacco's premises. Plaintiff objects that it lacks foundation, and cannot be authenticated because the individual who prepared the estimate is not listed as a trial witness and the exhibit is not otherwise self-authenticating. Plaintiff also objects on hearsay grounds. At the pretrial conference, Defendants acknowledged that Exhibit B was inadmissible. However, Defendants argued that it nevertheless could be considered as part of the basis for Mr. Blackseth's expert opinions. *See* Fed. R. Evid. 703 ("An expert may base an opinion on [otherwise inadmissible] facts or data in the case that the expert has been made aware of or personally observed [if experts in the field would reasonably rely on such facts or data in forming an opinion.]") Defendants confirmed at the pretrial

2

conference that Exhibit B was created well after the completion of Mr. Blackseth's report. Therefore, Exhibit B could not have been considered by Mr. Blackseth in formulating his opinions. Defendants did not supplement their expert report to put Plaintiff on fair notice that Mr. Blackseth's testimony would encompass the cost estimates provided by Mr. Farrow.  Exhibit B therefore is excluded from consideration in this case.

### III.  Motions in Limine

The court grants Plaintiff's motions in limine ("MIL") nos. 3, 4, 5 and 6.  At the pretrial conference, Defendants conceded that the case names, case numbers and civil litigation indexes of cases filed by Plaintiff (MIL no. 3), Plaintiff's financial status, receipt of social security and/or disability benefits (MIL no. 4), the number of Plaintiff's settlements (MIL no. 5), and the amount of settlement funds received by Plaintiff for any and all cases (MIL no. 6) are not relevant to the issues at trial.

Plaintiff's motion in limine no. 2 (the number of ADA lawsuits filed by plaintiff) is denied in part.  Defendants may briefly elicit the total number of Plaintiff's ADA lawsuits.  Such information may be relevant to Defendants' arguments on statutory damages for repeated visits to the restaurant, and whether Plaintiff's actions were reasonable.  The motion is granted to the extent that Defendants intend to elicit extensive or detailed testimony in this area.

Plaintiff's motion in limine no. 1 (the number of ADA claims made by plaintiff) is granted. Testimony on this subject would be cumulative and of attenuated relevance.

Plaintiff's motion in limine no. 7 to exclude the testimony of Defendants' expert Kim Blackseth is denied.  However, Mr. Blackseth's testimony will be restricted to opinions fairly encompassed and supported in his report.  Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires a party's expert witnesses to provide the opposing party with a written report containing, among other things, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them."  Fed. R. Civ. P. 26(a)(2)(B).  The "facts or data" provision is "interpreted broadly to require disclosure of ***any material considered by the expert, from whatever source, that contains factual ingredients***.  The disclosure obligation extends

to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26, Advisory Committee Note (2010) (emphasis added). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Federal Rule of Civil Procedure 37(c)(1). "[This] self-executing . . . automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56." Fed. R. Civ. P. 37, Advisory Committee Note (1993).

Plaintiff is concerned that Mr. Blackseth will attempt to testify about the monetary costs of removing the architectural barriers at issue. Mr. Blackseth did not discuss cost in his report; Plaintiff therefore was not put on notice and did not have a fair opportunity to decide whether to depose Mr. Blackseth on that topic, and/or to designate a rebuttal expert. Allowing Mr. Blackseth to testify about the cost of various repairs or removal of architectural barriers would result in prejudice to Plaintiff. Mr. Blackseth will not be permitted to testify about the monetary cost of removing the architectural barriers at issue.

**IV. Additional Briefing**

The court ordered that by August 1, 2013, Plaintiff must submit any motion for leave to amend the complaint to add additional dates that Plaintiff visited Bacco. As plaintiff did not submit a motion, the complaint shall not be amended to add further visits by Plaintiff.

The parties indicated at the pretrial conference that many of the factual and legal issues presented in the case are no longer in dispute, and the only issue that remains is whether the removal of four architectural barriers relating to the bathroom are readily achievable. Plaintiff also waived actual damages and indicated that he would seek only statutory damages.

IT IS SO ORDERED.

Dated: August 12, 2013

DONNA M. RYU
United States Magistrate Judge

4